UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAM TRAN,

                Plaintiff,

    v.

CLARK COUNTY COURT,

                Defendants.

Case No. 3:22-cv-05827-BHS

REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's application to proceed in forma pauperis and proposed complaint. Dkt. 1-1. Plaintiff is proceeding pro se in this matter. The IFP motion and application has been referred to the undersigned Magistrate Judge. Dkt. 1. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth herein, the Court should deny plaintiff's motion for leave to proceed in forma pauperis.

## DISCUSSION

Plaintiff brings this action against Clark County Superior Court alleging violations of plaintiff's rights. Dkt. 1-1. He alleges that on November 11, 2012, unnamed Washington police officers arrested plaintiff for DUI. *Id.* at 7. Plaintiff states that his constitutional rights, and federal statutory rights under Title VI, were violated when he was not given an English translator during his arrest or hearing at Clark County Superior Court. *Id.* He seeks $10 billion as a result.

REPORT AND RECOMMENDATION - 1

The Court must dismiss the complaint of a litigant proceeding in forma pauperis "at any time if the [C]ourt determines" that the action (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain: (1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support. (2) A short and plain statement of the claim showing the pleader is entitled to relief; and (3) A demand for relief sought which may include relief in the alternative or different types of relief.

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions" or "naked assertions[s]" devoid of "further factual enhancements." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). Yet this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

Plaintiff states that he brings this lawsuit against federal officials. *See* Dkt. 1-1 at 4. *Bivens* actions are the judicially crafted counterparts to § 1983. They enable victims to sue individual federal officers for damages resulting from violations of constitutional rights. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). To state a claim under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Id.* (borrowing state personal-injury statute of limitations for *Bivens* action). Here, even construing plaintiff's proposed complaint liberally, plaintiff has failed to properly bring a *Bivens* action. Plaintiff names only Clark County Superior Court as a defendant; further, even if plaintiff instead named the police officers that arrested him as defendants, those police officers would not be federal actors.

It appears plaintiff is attempting to bring a Section 1983 action instead. To state a claim pursuant to 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981) (overruled in part on other grounds). Plaintiff only names Clark County Superior Court as a defendant in his proposed complaint; however, Clark County Superior Court is not a "person" under Section 1983. "In order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a

REPORT AND RECOMMENDATION - 3

party to the action, and not the particular municipal department or facility where the alleged violation occurred." *See Nolan v. Snohomish County,* 59 Wash.App. 876, 883 (1990). Plaintiff must also identify a municipal "policy" or "custom" that he believes caused his injury.

Even if plaintiff identified a proper defendant under Section 1983, his claim appears to be barred by the statute of limitations. Section 1983 contains no statute of limitations and the Court thus applies the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time-period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Here, plaintiff's complained of acts occurred in 2012 when he was allegedly arrested for driving under the influence. Dkt. 1-1, at 5. The complaint was submitted to the Court for filing on October 28, 2022 – about ten years after the events being challenged. Dkt. 1-1. This is outside the three-year statute of limitations, and is therefore, untimely on its face.

Based on the foregoing, the Court recommends that plaintiff's IFP application be denied, because plaintiff fails to state a claim and this action appears on the face of the complaint to be barred by the statute of limitations. *See Californians for Renewable Energy v. California Public Utilities Commission,* 922 F.3d 929, 935 (9th Cir. 2019); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

A plaintiff is not entitled to submit written objections to the Magistrate Judge's report and recommendation that IFP status should be denied. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998)(per curiam). Denial of a motion to proceed IFP is an immediately appealable order. *Tripati v. Rison,* 847 F.2d 548, 548-549 (9th Cir. 1988). Under *O'Neal v. Price*, 531 F.3d 1146, 1151-1156 (9th Cir. 2008), the complaint should be dismissed without prejudice.

Dated this 22nd day of December, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge